**JOHNSON & JOHNSTON ASSOCIATES INC.,**
Plaintiff–Appellee,

v.

**R.E. SERVICE CO. INC., and Mark Frater, Defendants–Appellants.**

**Nos. 99–1076, 99–1179 and 99–1180.**

United States Court of Appeals, Federal Circuit.

Jan. 24, 2001.

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for plaintiff-appellee. With him on the brief were Thomas H. Jenkins, and Virginia L. Carron. Of counsel on the brief was Matthew F. Weil, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, of Newport Beach, CA. Also of counsel on the brief were John. L. Dupre', Richard A. Wise, and Dierdre E. Sanders, Hamilton, Brook Smith & Reynold, P.C., of Lexington, MA. Also of counsel on the brief were Fay E. Morisseau, Michael R. O'Neill, McDermott, Will & Emery, of Irvine, CA.

Archie S. Robinson, Robinson & Wood, Inc., of San Jose, CA, argued for defendants-appellants. With him on the brief were Thomas R. Fellows and Rebecca L.

Moon. Of counsel on the brief was Jack M. Wiseman, of San Jose, CA.

Before MAYER, Chief Judge, NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, MICHEL, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, GAJARSA, LINN, and DYK, Circuit Judges.

### ORDER

This case, having been argued before a panel of three judges on December 7, 1999, and thereafter having been referred to the circuit judges who are in regular active service and a poll having been taken,

IT IS ORDERED THAT:

The Court sua sponte orders that the case be heard en banc.

New briefs will be filed. An original and 30 copies of all briefs shall be filed and two copies shall be served on opposing counsel. Amici curiae may file briefs, due at the time of the brief that supports their position. Appellants' brief is due within 60 days of the date of this Order. The due dates for the remaining briefs shall be computed in accordance with Fed. Cir. R. 31(a).

The parties are directed to confine their supplemental briefing and oral arguments before the Court en banc to the following questions:

(1) Whether and under what circumstances a patentee can rely upon the doctrine of equivalents with respect to unclaimed subject matter disclosed in the specification.

(2) Whether in this case the jury's finding of infringement should be reversed because the patentee was foreclosed from asserting the doctrine of equivalents with respect to unclaimed subject matter disclosed in the specification.

The en banc briefs and argument shall not address other issues in the case.

Oral argument will be scheduled by later order.